1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL LYNCH,

          Plaintiff,

     v.

TRENDWEST RESORTS, INC., *et al.*,

          Defendants.

Case No.  C05-0996L

ORDER GRANTING
MOTION TO DISMISS

## I.  INTRODUCTION

This matter comes before the Court on the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendants Trendwest Resorts, Inc. ("Trendwest") *et al.*  (Dkt. #16). Defendants argue that the complaint filed by plaintiff Michael Lynch fails to state a claim upon which relief can be granted because Washington does not recognize a cause of action for discovery abuse, and because the doctrine of issue preclusion bars plaintiff from litigating claims already decided in a prior lawsuit.

For the reasons set forth in this Order, the Court grants the motion.

## II.  DISCUSSION

**A.**   **Background.**

Plaintiff is a professional videographer who resides in Koloa, Hawaii.  Trendwest sells

ORDER GRANTING
MOTION TO DISMISS - 1

1   vacation credits, which are exchanged for time at Trendwest's vacation resorts.  Trendwest used

2   four videotapes in its marketing efforts: (1) a "take-home tape" which was sent home with time

3   share purchasers, (2) a "podium tape" used in sales presentations, (3) a "loop tape" which played

4   continuously on video monitors in the waiting areas of Trendwest's sales facilities, and (4) a

5   "perspectives tape" for communicating information to Trendwest's employees.  This is the

6   second of two lawsuits plaintiff has filed alleging, among other things, that Trendwest's

7   marketing tapes infringed his copyrighted works.

8        **1.    Lynch I.**

9        Because defendants have raised the defense of issue preclusion, the Court will provide a

10   relatively detailed recitation of the procedural history of this dispute.  On March 1, 2000,

11   plaintiff filed a lawsuit against Trendwest asserting claims for copyright infringement, violations

12   of the Washington Consumer Protection Act ("CPA"), and "federal unfair competition" under

13   the Lanham Act.  See C00-00329P (W.D. Wash.) ("Lynch I").  Defendants' Motion, Ex. A.  On

14   a motion for partial summary judgment, the court dismissed plaintiff's claims under the CPA

15   and the Lanham Act.  The court also dismissed plaintiff's claims for Trendwest's indirect profits

16   because plaintiff produced "no evidence from which a fact finder could reasonably calculate the

17   portion of Trendwest's profits attributable to the alleged infringement."  Defendants' Motion,

18   Ex. F at pp. 2, 4.  Plaintiff's remaining claims for copyright infringement and actual damages

19   were tried to a jury.  The jury found infringement and awarded plaintiff more than $88,000 in

20   actual damages.

21        After the verdict, plaintiff moved for a permanent injunction, seeking the recall and

22   destruction of all videotapes with infringing material, or alternatively, notices to everyone who

23   received the videotapes.  The court denied the motion and the subsequent motion for

24   reconsideration.

25        Plaintiff then filed two motions for relief from judgment and a new trial under Fed. R.

26   Civ. P. 60 based on newly discovery evidence and discovery misconduct.  Plaintiff alleged that

27

28   ORDER GRANTING
     MOTION TO DISMISS - 2

the newly discovered evidence "consisted of loop tapes[1] that allegedly contained Plaintiff's footage and were played continuously in the lobbies of the sales rooms."  Defendants' Motion, Ex. J at p. 2.  Plaintiff asserted that he learned through an associate, David Kalber, from a discovery production in <u>Kalber v. Trendwest, et al.</u>, C01-1548Z, that Trendwest's loop tapes contained his footage and that Trendwest used the loop tapes in its sales offices.  Plaintiff also argued that there was new evidence "that 'perspectives' tapes, which defendant used internally, contained Plaintiff's footage, despite the fact that Defendant had asserted that these tapes did not contain any of Plaintiff's footage." <u>Id.</u> at pp. 2-3.  The court initially struck plaintiff's motions, concluding that it lacked jurisdiction because the matter was on appeal.  Plaintiff moved the appellate court to supplement the record to include the newly discovered evidence, arguing that the evidence would have precluded summary judgment.  The Ninth Circuit denied plaintiff's motion to supplement the record, and affirmed the court's summary judgment order on indirect profits. <u>Id.</u> at p. 3.  Plaintiff then renewed his motions for a new trial with the district court.

The court denied plaintiff's motion for a new trial, explaining that even if the evidence was newly discovered, "it is not evidence of such magnitude that its introduction at trial would have changed the disposition of the case in a way that merits a new trial." <u>Id.</u> at p. 4.  The court found that plaintiff's damages for the additional infringement would have been approximately $300, so the use of the newly discovered evidence would not have been significant enough to have resulted in a different outcome for plaintiff. <u>Id.</u> at p. 5.

The court also denied plaintiff's motion for a new trial based on plaintiff's allegations of discovery misconduct.  The court found, "Plaintiff's allegations of discovery misconduct by Defendant do not amount to clear and convincing proof that Plaintiff obtained an unfair judgment as a result of Defendant's conduct."  Defendants' Motion, Ex. J at p. 6.  The court found that the "footage on the loop and perspective tapes was the same footage on the take-home

---

[1] In Lynch I, Trendwest produced a version of the loop tape, but did not produce the 1997 version which plaintiff claims was relevant and responsive to his discovery requests.

ORDER GRANTING
MOTION TO DISMISS - 3

1   tapes that Plaintiff presented to the jury. . . . [T]he loop and perspectives tapes would likely have

2   been cumulative and of marginal relevance to the damages Plaintiff sought at trial." <u>Id.</u>  After

3   the court denied plaintiff's motions for relief from judgment, he filed a second appeal with the

4   Ninth Circuit.  That appeal is currently pending.

5          **2.     Lynch II.**

6          Plaintiff filed his complaint in this case on June 2, 2005 against Trendwest, Daniel

7   Stearns, and John Heffron, Jr.  Plaintiff asserts claims for copyright infringement, conversion,

8   fraud, violation of the CPA, and federal unfair competition against all defendants.  Defendants'

9   Motion, Ex. B.  Plaintiff alleges that defendants infringed eight of his copyrighted works, which

10  he refers to collectively as the "Lynch Videotapes." <u>Id.</u> at ¶ 9.

11         Plaintiff alleges that individual defendants Daniel Stearns and John Heffron, Jr., both

12  representatives of Trendwest, prepared the infringing videotapes, and that Mr. Stearns instructed

13  Trendwest employees to destroy the infringing loop tapes.  Plaintiff further contends that Mr.

14  Heffron falsely stated in a declaration that to the best of his knowledge, the perspectives tapes

15  did not contain any infringing material.  Finally, plaintiff alleges that all defendants concealed

16  and misrepresented the existence of the infringing loop tapes and perspectives tapes (the

17  "Withheld Works"), even though plaintiff requested those works in discovery in Lynch I.

18  **B.     Analysis.**

19         **1.     Applicable Standards.**

20         If, on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, any matters outside the pleadings are

21  presented and considered, the motion shall be treated as a motion for summary judgment.  Fed.

22  R. Civ. P. 12(b).  However, a court "may take judicial notice of facts outside the pleadings

23  without converting the motion into one for summary judgment" if the facts are in the record of

24  the case or are of public record.  <u>See</u> <u>Intermedics, Inc. v. Ventritex, Inc.</u>, 775 F. Supp. 1258,

25  1261 (N.D. Cal. 1991); <u>see also</u> <u>Gemtel Corp. v. Cmty. Redevelopment Agency</u>, 23 F.3d 1542,

26  1544 n.1 (9th Cir. 1994).  Therefore, the Court takes judicial notice of the filings in Lynch I as

27

28  ORDER GRANTING
    MOTION TO DISMISS - 4

they are a matter of public record, and considers this motion as one for relief pursuant to Fed. R. Civ. P. 12(b)(6).

In considering a 12(b)(6) motion for failure to state a claim upon which relief can be granted, the complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true.  See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992).  Dismissal is appropriate when plaintiff fails to present a cognizable legal theory, or when it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him to relief.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### 2.     Conversion and Fraud Claims.

Plaintiff alleges, "By requesting discovery of the 'Loop Tapes' and 'Perspectives' tapes in Lynch I, Plaintiff acquired a property right in at least one copy of each of the Withheld Works."  Defendants' Motion, Ex. B at ¶ 33.  Plaintiff further alleges that Trendwest interfered with his right to possess copies of the tapes by engaging in discovery abuse.  Id. at ¶ 34. Defendants argue that parties do not acquire a property right to material requested or produced during discovery.  Plaintiff does not dispute this principle or offer any authority or argument in support of his conversion claim.  The Court finds that plaintiff did not have a property right in the videotapes requested during discovery.

Plaintiff also contends that defendants committed fraud by withholding and destroying videotapes requested during discovery in Lynch I.  However, the conduct he complains of is not a "representation" for purposes of establishing a fraud claim.  Even if it were, plaintiff does not dispute defendants' assertion that Washington does not recognize a cause of action for destruction of evidence in a civil case.  Rather, plaintiff's remedies are evidentiary and to seek a new trial, which he did.

Plaintiff further alleges that defendants engaged in fraud by misrepresenting, through statements and omissions, the existence and extent of infringing materials in Lynch I.

ORDER GRANTING
MOTION TO DISMISS - 5

1   Defendants' Motion, Ex. B at ¶ 36.  Defendants, however, cannot be held liable for fraud based

2   on their statements in Lynch I because "[a]s a general rule, witnesses in judicial proceedings are

3   absolutely immune from suit based on their testimony."  Bruce v. Byrne-Stevens & Assoc.

4   Eng'rs, Inc., 113 Wn.2d 123, 125 (1989).  The immunity applies regardless of whether the

5   testifying witness is a party or a third party.  Id.  Plaintiff does not allege that any of the

6   fraudulent representations or omissions occurred outside the context of the litigation, nor does

7   he dispute that immunity applies in this case.

8       Accordingly, the Court finds that plaintiff's conversion and fraud claims fail as a matter

9   of law.

10      **3.      Consumer Protection Act, Lanham Act, and Copyright Infringement Claims.**

11      Defendants argue that plaintiff's claims for copyright infringement, violations of the

12  CPA, and violations of the Lanham Act are barred by the doctrine of issue preclusion.  Issue

13  preclusion, also known as collateral estoppel, applies where (1) the issue presented is identical

14  to the issue decided in a previous proceeding, (2) the first proceeding ended with a final

15  judgment on the merits, and (3) the party against whom the doctrine is asserted was a party or in

16  privity with a party to the prior proceeding.  Hydranautics v. Filmtec Corp., 204 F.3d 880, 885

17  (9th Cir. 2000); Clark v. Baines, 150 Wn.2d 905, 912 (2004) (noting fourth element that

18  precluding relitigation of the issue will not work an injustice on the party against whom

19  collateral estoppel is to be applied).  It is undisputed that the second and third elements are

20  satisfied.  The Court must determine whether the issues presented in this case are identical to

21  those presented in Lynch I and whether application of the doctrine would result in injustice to

22  plaintiff.

23      The court in Lynch I, in granting Trendwest's second motion for partial summary

24  judgment, found that plaintiff's CPA claim "is based solely on rights equivalent to those

25  protected by the federal copyright laws.  [Plaintiff's] claim is expressly based on Trendwest's

26  alleged copying of his videotapes, and does not contain additional allegations of deception,

27

28  ORDER GRANTING
    MOTION TO DISMISS - 6

1  misrepresentation, or harm to the public." Defendants' Motion, Ex. F at p. 4. Based on these

2  facts, the court found that plaintiff's CPA claim was preempted and dismissed the claim.

3  Plaintiff's CPA claim in this case suffers from the same deficiencies. Plaintiff does not dispute

4  that the issue is the same as the one presented in Lynch I. For these reasons, his CPA claim is

5  barred by the doctrine of issue preclusion.

6      Similarly, the court in Lynch I dismissed plaintiff's Lanham Act claim, explaining that

7  plaintiff "does not dispute Trendwest's argument that his Lanham Act claim should be dismissed

8  because he has an adequate remedy under the Copyright Act." Defendants' Motion, Ex. F at

9  p. 1. In this case, plaintiff did not respond to defendants' argument advocating dismissal of his

10  Lanham Act claim or provide any support for the claim. Accordingly, the Court dismisses the

11  Lanham Act claim.

12      As for plaintiff's claims of copyright infringement, a jury in Lynch I found that

13  Trendwest made impermissible use of the Lynch Videotapes and awarded plaintiff

14  approximately $88,000 in damages. Plaintiff's allegations of infringement in this case are based

15  on exactly the same infringed works. Compare Defendants' Motion, Ex. B at ¶ 9 (complaint in

16  Lynch II listing infringed works), with id., Ex. G at p. 2 (special verdict form in Lynch I listing

17  infringed works and jury's findings). Plaintiff attempts to avoid the effects of issue preclusion in

18  three ways. First, he now asserts claims against two individual defendants who were not named

19  defendants in Lynch I. Plaintiff argues that Mr. Heffron and Mr. Stearns "carr[ied] out those

20  acts of infringement." Plaintiff's Response at pp. 2-3. Specifically, plaintiff alleges that Mr.

21  Heffron prepared the infringing works, and Mr. Stearns supervised him in doing so. The fact

22  that Mr. Heffron and Mr. Stearns were not parties in Lynch I is irrelevant because the doctrine

23  of issue preclusion concerns whether the party *against whom* the doctrine applies was a party or

24  privy in the first proceeding. Plaintiff could have asserted claims against Mr. Heffron and Mr.

25  Stearns in Lynch I, and they could have been found to be jointly and severally liable with

26

27

28  ORDER GRANTING
    MOTION TO DISMISS - 7

1    Trendwest.[2]  Plaintiff, however, chose to proceed only against Trendwest, and Trendwest was

2    found vicariously liable for the acts of its employees.  The legal and factual issues presented

3    here are the same, the issues have already been decided, and plaintiff cannot recover twice for

4    the same acts of infringement.

5         Second, plaintiff asserts additional acts of infringement in the Withheld Works.  Plaintiff

6    argues, "Because the tapes were withheld by Trendwest, they could not have been considered in

7    Lynch I."  Plaintiff's Response at p. 2.  However, plaintiff made the same argument in Lynch I

8    in his Fed. R. Civ. P. 60 motion for a new trial.  The court in Lynch I explicitly considered the

9    issue, and ruled that it was "not persuaded that the use of this evidence at trial would have been

10   significant enough to have likely resulted in a different outcome for Plaintiff,"[3] primarily

11   because the evidence was cumulative.  Defendants' Motion, Ex. J at p. 5.  Now, plaintiff seeks a

12   new trial based on the Withheld Works, even though the court in Lynch I held that he was not

13   entitled to a new trial on that basis.  Accordingly, the issue has already been decided, and

14   plaintiff is bound by the prior ruling.

15        Third, plaintiff alleges that the "manner of use of the 'Loop Tapes' was also withheld

16   from the court and Mr. Lynch in Lynch I."  Plaintiff's Response at p. 3.  Plaintiff alleges that

17   there were thousands of performances of the loop tapes as part of Trendwest's sales activities,

18   and that each of those performances was a separate act of infringement under 17 U.S.C. §

19   106(4).  Plaintiff, however, argued and lost that issue in Lynch I.  He alleged in his motion for a

20   new trial in Lynch I that the loop tapes were played continuously in the lobbies of Trendwest's

21

22        [2] See, e.g., Sygma Photo News, Inc. v. High Soc'y Magazine, Inc., 778 F.2d 89, 92 (2nd
     Cir. 1985) (explaining that an employer is responsible for copyright infringement committed by
23   an employee in the course of employment under the theory of respondeat superior; all persons
     and corporations who participate in the infringement are jointly and severally liable).
24

25        [3] Plaintiff now alleges that the material in the Withheld Works is not the same as the
     footage in the podium tapes and take home tapes considered by the jury in Lynch I.  Plaintiff,
26   however, waived that argument by conceding in Lynch I that the footage was identical.
     Defendants' Motion, Ex. J at pp. 4-5.
27

28   ORDER GRANTING
     MOTION TO DISMISS - 8

1    sales rooms, entitling him to recover indirect profits earned by that use.  Defendants' Motion,

2    Ex. J at p. 2.  The court in Lynch I found, "Given the evidence that the podium and take-home

3    tapes did not effect [sic] sales and the fact that the loop tapes contained the same footage,

4    Plaintiff's evidence that the loop tapes were used in sales' offices does not make Plaintiff's

5    claim to indirect profits any less speculative than when the Court considered this issue on

6    summary judgment."  Id. at p. 8.

7         Finally, the Court considers whether the application of issue preclusion will work an

8    injustice on plaintiff.  Resolution of that issue depends primarily on "whether the parties to the

9    earlier proceeding received a full and fair hearing on the issue in question."  Clark, 150 Wn.2d at

10   912 (internal citation and quotation omitted).  Plaintiff had a full and fair opportunity to present

11   his infringement claim to the jury and was awarded damages.  He presented his evidentiary and

12   misconduct issues to the court in Lynch I through his motions for a new trial.  The court in

13   Lynch I found that Trendwest's discovery misconduct did not substantially interfere with

14   plaintiff's right to fully and fairly prepare for and present his case at trial.  Defendants' Motion,

15   Ex. J at p. 6.  The court also found that presentation of the Withheld Works would not have

16   resulted in a different outcome for plaintiff.  Accordingly, the Court finds that the application of

17   issue preclusion in this case would not result in injustice to plaintiff.

18        In sum, the court in Lynch I ruled on the same issues plaintiff alleges in his current

19   complaint.  Plaintiff is bound by the prior rulings.

20                                    **III.  CONCLUSION**

21        For the foregoing reasons, the Court GRANTS defendants' motion to dismiss (Dkt. #16).

22

23

24

25

26

27

28   ORDER GRANTING
     MOTION TO DISMISS - 9

The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff.

DATED this 6th day of January, 2006.

*MN S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 10